Affirmed in Part and Reversed and Remanded in Part and Majority and
Dissenting Opinions filed November 20, 2003














Affirmed in Part and Reversed and Remanded in Part and Majority and
Dissenting Opinions filed November 20, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-00193-CR

NO.
14-02-00194-CR

NO.
14-02-00195-CR

_______________

 

ROBERT
PHILLIPS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

__________________________________________________

 

On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause Nos. 881466,
881467, 881468

__________________________________________________

 

D I S S E N T I N G   O P I
N I O N

 

            I disagree with the majority’s
reversal of two of appellant’s convictions. 
As correctly recognized in the majority opinion, the election
requirement can implicate several distinct rights of a defendant including: being
provided fair notice of the charged offense, assuring that extraneous offense
evidence not be used as proof of guilt, and assuring
that a conviction be based on a unanimous jury verdict.  Although issues two, three, and nine of
appellant’s brief all assign error to the trial court’s failure to require the
State to make the required election and provide the corresponding instructions
in the jury charge, these three issues collectively claim that appellant was
denied only his rights to fair notice of the offense and opportunity to defend,
limitation on the use of extraneous offense evidence, and effective appellate
review of the sufficiency of the evidence. 
Although none of these issues allude in any way to appellant’s right to
a unanimous jury verdict, the majority’s harm analysis and resulting reversal
is based largely on the harm potentially arising from a denial of that
right.  Because I believe these issues
should instead be decided based on the rights which they contend were violated
and any harm arising therefrom, I do not agree with
the majority’s sustaining of those issues on the unasserted violation of the
right to a unanimous jury verdict.  Nor
do I believe that a violation of that right can always be presumed upon a
failure to elect among multiple incidents, as the majority suggests, even
where, as here, there is no difference in the credibility of the evidence of
the various incidents, such that jurors would have had any reason to differ on
whether a defendant was guilty of one versus another.

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Majority and Dissenting Opinions filed November 20, 2003.

Panel consists of Chief Justice Brister
and Justices Fowler and Edelman.  (Fowler, J. majority.)

 

Publish — Tex.
R. App. P. 47.2(b).